```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

BRENDA G. HARRISON,

       Plaintiff,

v.                                Civil Action No. 2:15-11425

SQUARETWO FINANCIAL CORPORATION
DBA CACH, LLC,

       Defendant.


BRENDA G. HARRISON,

       Plaintiff,

v.                                Civil Action No. 2:15-11426

TAYLOR LAW, PLLC and MEGAN URBAN,

       Defendants.


## MEMORANDUM OPINION AND ORDER

       Pending is defendant SquareTwo Financial Corporation's motion, filed November 15, 2015 in Civil Action No. 2:15-11425, to consolidate that action with Civil Action No. 2:15-11426.  On December 3, 2015, Taylor Law, PLLC and Megan Urban, the defendants in Civil Action No. 2:15-11426, filed a consent to consolidation of these actions.  Brenda G. Harrison, the plaintiff in both actions, has filed no response to the motion to consolidate.

Federal Rule of Civil Procedure 42(a) covers the matter of consolidation and provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.")  Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise.  See <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the

> risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193.

Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is an overriding concern here. In each action, the plaintiff seeks to recover based on alleged violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-2-127 and 128, and various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The plaintiffs' alleged injury in both actions stems from the same factual circumstances involving the defendants' attempts to collect on the same purported credit card debt. It appears to the court that the actions will involve adjudication of essentially the same factual and legal issues. Given the similarity between the complaints filed in each action, it appears that handling these matters separately would result in a great deal of duplication of effort for the parties as well as the court.

The court, accordingly, ORDERS the above-styled civil actions be, and they hereby are, consolidated. The first-filed action, Civil Action No. 2:15-11425, is designated as the lead case. All further filings shall be captioned and docketed in that case. Having ordered the cases consolidated, the court ORDERS that the scheduling conference in Civil Action No. 2:15-11426 be, and it hereby is, cancelled.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: December 15, 2015

Judge John T. Copenhaver, Jr.
United States District Judge

4